NOS. 07-10-00122-CR, 07-10-00123-CR, 07-10-00171-CR and 07-10-00172-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 4, 2011

_____

GREGORIO RODRIGUEZ, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 2

AND THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NOS. 2009-455,818, 2009-458,190, 2009-425,597, 2009-422,825;

HONORABLE CECIL PURYEAR, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

In each of these four appeals, appellant Gregorio Rodriguez appeals his conviction on an open plea of guilty and resulting sentence.

Offenses committed on December 21, 2008:

In appellate case number 07-10-0172-CR, appellant was convicted of evading arrest or detention with a vehicle and sentenced to 18 months in a state jail facility;[1]

In appellate case number 07-10-0122-CR, appellant was convicted of possession of marijuana of less than two ounces in a drug free zone and sentenced to 12 months in the Lubbock County Jail.[2]

Offenses committed on October 25, 2009:

In appellate case number 07-10-0171-CR, appellant was convicted of possession of a controlled substance listed in penalty group 1, cocaine of less than one gram and sentenced to 24 months in a state jail facility;[3]

In appellate case number 07-10-0123-CR, appellant was convicted of driving while intoxicated and sentenced to 6 months in the Lubbock County Jail.[4]

---

[1] A person commits the offense of evading arrest or detention if he intentionally flees a person he knows is a peace officer lawfully attempting to arrest or detain him. Tex. Penal Code Ann. § 38.04(a) (West Supp. 2010). The offense is a state jail felony if the actor uses a vehicle while in flight and the actor has not previously been convicted under Penal Code § 38.04. Tex. Penal Code Ann. § 38.04(b)(1)(B) (West Supp. 2010).

[2] Possession of two ounces or less of marijuana is a Class B misdemeanor, Tex. Health & Safety Code Ann. § 481.121(b)(1) (West 2010), but increases to a Class A misdemeanor if committed within 1,000 feet of the real property of a school. Tex. Health & Safety Code Ann. § 481.134(f)(1) (West 2010). A Class A misdemeanor is punishable by confinement in jail for up to one year and/or a fine not to exceed $4,000. Tex. Penal Code Ann. § 12.21 (West 2003).

[3] Possession of less than one gram of cocaine is a state jail felony. Tex. Health and Safety Code Ann. § 481.102(3)(D) (West 2010) (cocaine is a Penalty Group 1 controlled substance) and Tex. Health and Safety Code Ann. § 481.115(a),(b) (West 2010) (possession of less than one gram of cocaine is a state jail felony). A state jail felony is punishable by confinement in a state jail facility for any term of not more than two years or less than 180 days and a fine not to exceed $ 10,000. Tex. Penal Code Ann. § 12.35 (West 2010).

[4] In the absence of facts not charged here, driving while intoxicated is a Class B misdemeanor. A person commits the offense of driving while intoxicated if the person is

2

In each case, appellant's court-appointed appellate attorney has filed a motion to withdraw from representation supported by an *Anders* brief.[5] Agreeing with counsel's conclusion that the record fails to show any arguably meritorious issue capable of supporting an appeal, we grant the motion to withdraw in each case and affirm the trial court's judgments.

Punishment hearing testimony showed that on December 21, 2008, a police officer saw a vehicle driving erratically. The officer attempted a traffic stop. As the officer followed the vehicle, he saw a person leap from the vehicle while it remained in motion. The vehicle then jumped a curb, knocked down a fence, and collided with a parked vehicle in a driveway. The location of the accident was within 1,000 feet of a public school. When the officer entered the passenger compartment to turn off the ignition and place the transmission in park, he saw an open container of alcohol. An officer later also found a baggy containing what he believed was marijuana. Police eventually were able to identify appellant as the person operating the vehicle.

Punishment evidence also showed that on October 25, 2009, a motor vehicle driven by appellant struck a police vehicle in the presence of officers. Appellant attempted to flee on foot, but was apprehended and arrested for evading arrest or detention. An officer detected the odor of alcohol on appellant's breath and the odor of marijuana "on his person." While searching appellant for weapons, the officer

intoxicated while operating a motor vehicle in a public place. Tex. Penal Code Ann. § 49.04(a) (West 2003).

[5] *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008) (orig. proceeding).

discovered a baggie containing what he believed was marijuana. In the officer's opinion, appellant appeared intoxicated. He had difficulty standing and walking and was unresponsive to questions. The officer transported appellant to a holding facility. As appellant left the police vehicle, a clear plastic baggie containing a white powder fell from his pant leg. According to a field test, the substance was cocaine. This was later confirmed by the Texas Department of Public Safety Crime Laboratory.

Appellant was charged by indictment or information with the four offenses, and entered guilty pleas to the charged offenses without a plea bargain agreement. A punishment hearing in each case was held the same day as the plea hearing. The trial court admonished appellant of the applicable ranges of punishment and determined he was a United States citizen. It also explained and determined appellant wished to waive the right to trial by jury and the right against self-incrimination. Two police officers gave the testimony we have summarized of the circumstances of the December 2008 and October 2009 offenses. Appellant presented two witnesses. A deacon testified of appellant's church involvement over the preceding five months. The second witness, a relative of appellant, testified of his industry in the workplace, abstinence from alcohol, and family commitment. Following the close of evidence and arguments, the court sentenced appellant in each case. Appellant obtained trial court certification of the right of appeal and timely appealed.

Thereafter, appellant's appointed appellate counsel filed a motion to withdraw supported by an *Anders* brief. In the brief, he certifies to his diligent review of the record and his opinion under the controlling authorities and facts of the cases no reversible

4

error or arguably legitimate ground for appeal exists. The brief discusses the procedural history of the case and the events at the plea hearing. Counsel discusses the applicable law and sets forth the reasons he believes no arguably meritorious issues for appeal exist. A letter to appellant from counsel, attached to counsel's motion to withdraw, indicates that a copy of the *Anders* brief and the motion to withdraw were served on appellant, and counsel advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State,* 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. refused). By letter, this court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant did not file a response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record in each matter. *Nichols v. State,* 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.). If we determine the appeal has arguable merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

In the *Anders* brief, counsel concludes the appeal is frivolous. We have made an independent review of the entire record to determine whether arguable grounds supporting an appeal exist. *See Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Bledsoe v. State,* 178 S.W.3d 824 (Tex.Crim.App. 2005). We find no arguable grounds supporting a claim of reversible error, and agree with counsel that the appeal is frivolous.

5

Accordingly, we grant counsel's motion to withdraw[6] in each case and affirm the judgments of the trial court.

James T. Campbell
Justice

Do not publish.

---

[6] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. Tex. R. App. P. 48.4.